*E-filed on    2/22/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRAD BOTHELL,<br><br>   Plaintiff,<br><br>  v.<br><br>BLUE MONKEY; SEBASTIAN SANCHEZ; et al.,<br><br>   Defendants. | No. C-07-05210 RMW<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING THE COMPLAINT WITH LEAVE TO AMEND<br>**[Re Docket No. 2]** |

On September 28, 2007, plaintiff Brad Bothell filed a complaint seeking $10,000.00 for personal injury and fraud based on an incident that occurred in September or October of 2005 in which a bouncer at the Blue Monkey appears to have shined a flashlight into plaintiff's eyes and also prevented him from working in front of the establishment. Plaintiff asks the court to permit him to proceed *in forma pauperis*.

Plaintiff states that is currently employed with a monthly income of $1000.00, but that he has monthly expenses of approximately $930.00. Because plaintiff's monthly expenses represent nearly

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING THE COMPLAINT WITH LEAVE TO AMEND—No. C-07-05210 RMW
MAG

1  all of his monthly income, the court finds it appropriate to grant plaintiff's request to proceed *in
2  forma pauperis*.

3  The court has determined, however, that it does not have subject matter jurisdiction over the
4  matter. Federal courts are required to consider the presence or absence of subject matter jurisdiction
5  *sua sponte*. *Cannon v. Hawaii Corp. (In re Hawaii Corp.)*, 796 F.2d 1139, 1141 (9th Cir. 1986).
6  Here, although the caption of the action reads "Amount Demanded $10,000.00 Personal Injury,
7  Fraud and Civil Rights Violation Complaint," plaintiff does not plead any facts that would suggest a
8  federal claim that would provide the court with federal question jurisdiction under 28 U.S.C. § 1331.
9  Nor is there any indication that the plaintiff is a citizen of a different state from all defendants and
10 that the amount in controversy meets the requirements for diversity jurisdiction under 28 U.S.C. §
11 1332.

12 Even assuming the court had subject matter jurisdiction and that plaintiff's complaint can be
13 read to assert a civil rights claim, the complaint would fail to state a claim on which relief may be
14 granted. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a
15 right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
16 violation was committed by a person acting under the color of State law." *Long v. County of Los
17 Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff alleges neither element. Accordingly,
18 because plaintiff is proceeding *in forma pauperis* and the complaint fails to state a claim on which
19 relief may be granted by this court, the court dismisses the case without prejudice. 28 U.S.C.
20 1915(e)(2)(B)(ii). Plaintiff shall have 20 days to amend his complaint to state a claim upon which
21 this court may grant relief. If he fails to do so, the court will dismiss the case.

DATED:   2/22/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

1 | **A copy of this order was mailed on**    **2/25/08**    **to:**

2 | **Counsel for Plaintiff:**

3 | Brad Bothell
4 | 80 S. Market Street
   San Jose, CA 95113

5 | **Counsel for Defendant(s):**

6 | No appearance

7 | Counsel are responsible for distributing copies of this order to co-counsel, as necessary.
8 |

9 | Dated:    2/22/08                            /s/ MAG
                                                               Chambers of Judge Whyte

**United States District Court**
For the Northern District of California

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING THE COMPLAINT WITH LEAVE TO AMEND—No. C-07-05210 RMW
MAG                                                   3